**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50523 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00111-WQH-1 |
| v. | |
| ROBERTO ORTIZ-LARREYNAGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 2, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY,[**] District Judge.

Roberto Ortiz-Larreynaga ("Ortiz") appeals his conviction after trial for violations of 21 U.S.C. §§ 952 and 960 (importation of marijuana) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute marijuana). Ortiz contends that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

incriminating statements used at trial against him should have been suppressed because the *Miranda* warnings given to him by the interrogating border patrol agents were inadequate, rendering his waiver of those rights invalid.  We affirm.

Following Ortiz's arrest at the San Ysidro Port of Entry, border patrol agents interviewed Ortiz, first obtaining biographical data and then informing him of his right to contact the El Salvadorian consulate, which he declined.[1]  The evidence shows that the agents accurately advised Ortiz of each of his *Miranda* rights, *Miranda v. Arizona*, 384 U.S. 436 (1966), and told him that if he understood each right to initial the written Statement of Rights and Waiver form.  After the reading of each right, Ortiz said "yes" and initialed the place in the waiver form pertaining to the right.  Before any incriminating information was elicited from Ortiz, he was asked to read aloud a statement from the waiver form confirming that each of his rights was read and explained, that he fully understood those rights, and that he waived them freely and voluntarily, without threat, intimidation, or any promises.  Ortiz then asked, "I don't get no immunity?" and an agent clearly stated that Ortiz had not been promised anything.  Ortiz then signed the waiver form.  The district court denied Ortiz's motion to suppress, reasoning that the "facts and

---

[1]The interview was both videotaped and transcribed; we have reviewed both.

2

circumstances . . . establish that [Ortiz] knowingly and intelligently waived his *Miranda* rights and voluntarily made statements to the agents." We agree.

Ortiz contends that during the reading of his rights the agents made statements undercutting and confusing the warnings that (1) he had the right to remain silent, and (2) any statement he made could be used against him in court. However, each of the statements of which he complains was made after Ortiz had already indicated that he understood each of his individual *Miranda* rights. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986). The most troubling of the agents' statements—that providing the agents with his version of the events would put Ortiz "in a better light"—followed the agents' clear statement that there was nothing the agents could do for him other than write down Ortiz's side of what happened, and the evidence fails to show any signs that Ortiz was confused by this statement. *Cf. United States v. San Juan-Cruz*, 314 F.3d 384, 387–88 (9th Cir. 2002). Moreover, Ortiz had no difficulties with mental capacity or language that would suggest he did not understand his rights, *see United States v. Bernard S.*, 795 F.2d 749, 751-52 (9th Cir. 1986), and his will was not overborne, *see United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988).

**AFFIRMED.**